# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| THOMAS V. ECONOMOU, | ) Chapter 7 |
| Debtor, | ) |
| | ) Case No.: 23-16998 |
| CAMERON MORRIS, | ) |
| Plaintiff, | ) Adversary Case No.: |
| v. | ) |
| THOMAS V. ECONOMOU, | ) |
| Defendant. | ) |

## COMPLAINT OBJECTING TO DISCHARGE
## AND DISCHARGEABILITY OF CERTAIN DEBTS

Plaintiff, CAMERON MORRIS ("Morris"), by his attorneys, MARK B. GRZYMALA and TIMOTHY E. HOERMAN of GRZYMALA LAW OFFICES, P.C., complains of the Defendant, THOMAS V. ECONOMOU ("Economou" or "Debtor") as follows:

### JURISDICTION AND VENUE

1. This Adversary proceeding is commenced under Bankruptcy Rule 7001 and Title 11 of the United State Code (hereinafter the "Bankruptcy Code") to declare Debtor's debt to Cameron Morris non-dischargeable pursuant to Section 523(a)(2)(A), 523(a)(4) and 523(a)(6)).

2. This Court has jurisdiction under 28 USC § 1334 and 28 UCS § 157(b)(2)(I).

3. This is a core proceeding pursuant to 28 UCS § 157(b)(2)(I) arising out of the Chapter 7 case of *In Re Thomas V. Economou*, No. 23-16998, United States Bankruptcy Court, Northern District of Illinois, Eastern Division (the "Bankruptcy").

1

4.      Defendant, Economou, is the debtor in the Bankruptcy and is a resident of Chicago, Illinois and is in the construction and architectural services business.

5.      Plaintiff, Morris, is a creditor of Economou, by virtue of a judgment entered on November 7, 2023 against Economou and his brother Steven J. Economou after a trial. (Copies of the Judgment Order and Amended Judgment Order are attached hereto as Group **Exhibit A**.) The judgment pierced the corporate veil of EP Design Build, Inc. holding both Thomas and Steven Economou liable for a $561,022.22 previously entered against EP Design Build, Inc.

6.      With post-judgment interest, attorneys fees and costs, the total due Morris as of March 1, 2024 is $1,076,960.15.

## GENERAL ALLEGATIONS

7.       Morris is the owner of certain real estate commonly known as 4552 S. Michigan Ave., Chicago, Illinois (the "Premises").

7.      EP Design is a dissolved Illinois corporation having been voluntarily dissolved on August 10, 2017.  See EP Design Corporation File Detail Report attached hereto as **Exhibit B**.  EP Design's principal place of business is or was 321 S. Jefferson Street, Chicago, Illinois 60661.

8.      At all times relevant to this complaint, Economou was, and currently is, a resident of Chicago, Cook County, Illinois.

9.      Economou was a shareholder and officer of EP Design.

10.     At all relevant times, Thomas held himself out as a licensed architect in the State of Illinois.

11.     Economou was a licensed architect in the state of Illinois from July 31, 2009 through December 13, 2012.  On December 14, 2012, his architects license was suspended for

2

failure to file and pay Illinois state income taxes. He never renewed his architects license, so at all relevant times, he remains unable to lawfully practice architecture in the State of Illinois.

12. On or about March 7, 2014, EP Design entered an "Agreement Between Owner and Architect" with Morris wherein EP Design agreed to act as architect, designer and general contractor for a residential construction project at the Premises (the "Project") in exchange for payment (the "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit C**. Economou signed the Agreement for EP Design next to a line that says, "Architects Signature".

13. EP Design materially breached the Agreement and on December 9, 2016 Morris filed a lawsuit in the Circuit Court of Cook County, Illinois against EP Design (the "Lawsuit").

14. On May 15, 2017, judgment was entered in favor of Morris and against EP Design in the amount of $561,022.22. (A copy of the judgment order is attached hereto as **Exhibit D**.)

15. Ten days after the May 15, 2017 Judgment was entered, on May 25, 2017, Economou and his brother Steve formed Virgil James, Inc. (See Virgil James Corporation File Detail Report attached hereto as **Exhibit E**.) Virgil James' principal place of business is 321 S. Jefferson Street, Chicago, Illinois 60661.

16. Thomas was, and had been at all times relevant been, a shareholder and the President of Virgil James.

17. Virgil James was in the exact same business as EP Design.

18. Thomas and his brother caused EP Design to cease doing business once Virgil James has been formed.

19. On or about June 6, 2017, Morris initiated supplemental proceedings against EP Design to collect on his judgment.

3

20. During the supplemental proceedings, Morris' counsel discovered that Thomas and his brother had caused EP Design to cease doing business and that they had started doing business through Virgil James.

21. In the course of the supplemental proceedings and examination of Steve Economou, counsel for Morris discovered connections between EP Design, the Economou Defendants and Virgil James indicating unity of interest and that EP Design was merely an alter ego of Steve and Thomas Economou.  Counsel also uncovered several fraudulent transfers of EP Design's between them with the intent to harm Morris' interest.

22. In the course of the supplemental proceedings, Economou's brother admitted under oath that Virgil James was incorporated for the purpose of avoiding the judgment entered against EP Design.

23. In the course of the supplemental proceedings, Economou's brother admitted under oath that assets of the EP Design were transferred to Virgil James after the entry of the judgment against EP Design.

24. In the course of the supplemental proceedings, documents were produced that showed that Economou engaged in extensive co-mingling of funds from both EP Design and Virgil James.

25. Despite the existence of the supplemental proceedings, Economou continued to do business through Virgil James with the former assets of EP Design.

26. On July 21, 2021, Morris filed a *Verified Complaint For Fraudulent Transfer, To Pierce The Corporate Veil, And For Successor Liability* in the Circuit Court of Cook County, Illinois, Case No. 2021-L-007391, against Economou and his brother and EP Design.  (A copy of the filed Verified Complaint is attached hereto as **Exhibit F**.) Count I alleged Breach of Contract

4

and sought to pierce the EP Design corporate veil; Count II alleged successor liability against Virgil James; Counts III and IV alleged violations of the Illinois Uniform Fraudulent Transfer Act (740 ILCS 160/5).

27. On November 7, 2023, following a 4-day trial, judgment was entered against Economou piercing the corporate veil of EP Design, and against Virgil James for successor liability. *See Group Ex. A*.

28. In the November 7, 2023 judgment order, the trial court found that:

   a. EP Design was inadequately capitalized;

   b. Loans were made by EP Design to Economou and his brother which were never documented or paid back or converted to salary;

   c. EP Design failed to observe corporate formalities;

   d. EP Design did not pay dividends. It only paid the personal expenses for its shareholders through its bank accounts and made shareholder loans which were never paid back nor was there any intention to pay them back;

   e. EP Design was consistently insolvent;

   f. EP Design had nonfunctioning officers;

   g. EP Design allowed the co-mingling of business and personal funds of tis shareholders;

   h. EP Design diverted assets from the corporation by or to a shareholder or other person or entity to the detriment of its creditors;

   i. Economou spent personal funds on his own personal expenses;

   j. Economou lived a comfortable lifestyle despite any producing evidence of how he was able to afford that lifestyle without taking funds from EP;

5

    k.    Despite EP Design and Virgil James not paying the Morris Judgment, Economou was able to travel frequently to Greece and to Montana where his partner's family lived. While in Montana Economou withdrew cash from the corporate account and spent corporate funds on clothing and groceries. The expenses had dubious, if not concocted, business relatedness or business value;

    l.    EP Design failed to maintain arms-length relationships among related entities.

29.    As a result, the trial court held that EP Design was a mere façade for the operation of the dominant shareholders – mainly Economou so that he could live a comfortable lifestyle.

30.    The trial court further held that evidence demonstrated that adherence to the fiction of a separate corporation would promote injustice or inequitable circumstances.

31.    On December 19, 2023, Economou filed the Bankruptcy and Morris now asserts this objection to discharge against him.

## Count I
## 11 USC 523(a)(2)(A))

32.    Morris re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.    Economou avoided paying the Morris judgment through false pretenses.

34.    Specifically, the state court found that Economou incorporated Virgil James, Inc. for the purpose of avoiding the judgment entered against EP Design.

35.    The state court found in its judgment that the conduct of Economou was unjust and inequitable.

36.    The state court found that Economou converted or diverted assets that could have been used to pay the Morris Judgement, to the detriment of Morris.

6

37. The state court found that Economou concocted business reasons for spending corporate funds that were dubious.

38. Since Economou avoided paying the Morris judgment through false pretenses, he should be denied discharge as to the debts owed Morris pursuant to 523(a)(2)(A).

WHEREFORE, CAMERON MORRIS, respectfully requests that this Court enter an order finding that Debtor's wrongful actions constitute grounds for the Court to declare Debtor's debts to Plaintiff non-dischargeable, to deny a discharge as to that debt, and for any other relief this court deems just.

### Count II
### 11 USC 523(a)(6)

39. Morris re-alleges and incorporates paragraphs 1 through 31 of this Complaint as if fully set forth herein.

40. Economou has and never has had intention of paying the Morris Judgment.

41. Economou willfully and maliciously caused injury to Morris incorporating Virgil James, Inc. for the purpose of avoiding the judgment entered against EP Design.

42. Accordingly, pursuant to 523(a)(6), Debtor should be denied discharge as to the debts owed RIA.

WHEREFORE, CAMERON MORRIS, respectfully requests that this Court enter an order finding that Debtor's wrongful actions constitute grounds for the Court to declare Debtor's debts to Plaintiff non-dischargeable, to deny a discharge as to a debt and for any other relief this Court deems just.

        Respectfully Submitted,
        **CAMERON MORRIS**

        By: /s/ Mark B. Grzymala
            One of his Attorneys

Mark B. Grzymala (ARDC #6275048)
Timothy E. Hoerman (ARDC #6256097)
GRZYMALA LAW OFFICES, P.C.
10024 Skokie Blvd., Suite 206
Skokie, IL 60077
847-920-7286
mark@grzymalalaw.com
Attorneys for Plaintiff Cameron Morris